**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**HAROLD JOSEPH AUGUSTIN, #154057**        **CIVIL ACTION**

**VERSUS**        **NO. 07-1207**

**STATE OF LOUISIANA**        **SECTION "S" (5)**

## RESPONSE TO HABEAS CORPUS PETITION

Petitioner, Harold Joseph Augustin,[1] challenges a conviction for which he is no longer in custody.  Petitioner pled guilty as charged on September 4, 1991 to one count of carnal knowledge of a juvenile, a violation of La. R.S. 14:80, in the 22nd Judicial District Court, Parish of St. Tammany, under Case No. 192039.  Petitioner was sentenced to three years at hard labor with the Department of Public Safety and Corrections.[2]  Petitioner was subsequently convicted of another crime and sentenced as a multiple offender.  He remains in prison for that conviction, which Petitioner does not challenge in the instant petition.  The instant petition is procedurally barred because petitioner is not in custody for the conviction he is challenging and the petition is time barred.   As such, the petition should be denied.

## RECORD

---

[1]    Petitioner's name also appears at "Harold Augustine" in state court documents.

[2]    The state record reflects that the trial judge revoked Petitioner's probation on an earlier conviction as a result of the instant carnal knowledge conviction, and that the three year sentence was to run concurrently with the sentence for the earlier conviction.

1

The state court record presented  contemporaneously with this response consists of two volumes.   Volume I contains the record of the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana.   Volume II contains the record of the Louisiana Supreme Court relative the conviction Petitioner presently attacks. The record presented is sufficient to address Petitioner's claims.  No federal evidentiary hearing is necessary.

## STATEMENT OF THE CASE

On September 13, 1990, Petitioner was charged by bill of information with one count of carnal knowledge of a juvenile, a violation of La. R.S. 14:80.  Vol. I. [3] Petitioner entered a plea of not guilty and, on September 4, 1991, pursuant to a plea agreement, entered a plea of guilty as charged and was sentenced to three years in  custody of the Louisiana Department of Corrections, with credit for time served.   Petitioner did not file an appeal.

On  June 21, 2004, Petitioner filed a "Motion to Correct an Illegal Sentence and Vacate an Illegal Plea Bargain Agreement," which was denied by the state district court on June 28, 2004.  On October 14, 2004, Petitioner filed a "Motion for Reconsideration or Notice of Intent to Seek Writs, which was denied by the state district court on November 3, 2004.   Petitioner sought writs at the Louisiana First Circuit Court of Appeal.  Although the application is not contained in the state court record, the First Circuit's writ denied under  Docket No. 2004 KW 2676 is contained in the record. Petitioner sought writs at the Louisiana Supreme Court.  The application was denied on January 2, 2006 under Docket No. 2005 KH 0926.

On September 30, 2005, Petitioner filed an "Application for Writ of Habeas Corpus Ad Subjiciendum" in the state district court.  The application was denied on October 5, 2005.  On

---

[3] According to the Bill of Information, Petitioner was 20 years old at the time of the commission of the crime.  The victim was 15 years old.

September 27, 2005, Petitioner filed a "Petition for Writ of Mandamus" at the Louisiana First Circuit

Court of Appeal, seeking the state appellate court to compel the district court to "issue an order

compelling the 22nd Judicial District authorities" to apply "the newly amended retroactive version of

R.S. 14:80 and or R.S. 14:80.1 to petitioner."[4]  On December 2, 2005, the First Circuit denied the writ

under Docket No. 2005 KW 2153.  Petitioner applied for writs at the Louisiana Supreme Court.  On

January 27, 2006, the application was denied on state procedural grounds under Docket No. 06 KH

0750.  Petitioner also filed an application from the district court's denial of his "Application for Writ

of Habeas Corpus Ad Subjiciendum" at the Louisiana First Circuit under Docket No. 2005 KW 2704.

---

[4]      Acts 2001, No. 796, § 1 rewrote Section (A)(1) of La. R.S. 14:80 to specify the crime of felony carnal knowledge of a juvenile and enacted La. R.S. 14:80.1 to create the crime of misdemeanor carnal knowledge of a juvenile. Prior to the 2001 amendment, Section (A)(1) provided:

(1) A person over the age of seventeen has sexual intercourse, with consent, with any person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons and the victim is not the spouse of the offender; or

"(2) A person over the age of seventeen has anal or oral sexual intercourse, with consent, with a person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons.

"B. Lack of knowledge of the juvenile's age shall not be a defense. Emission is not necessary; and penetration, however slight, is sufficient to complete the crime.

"C. Whoever commits the crime of carnal knowledge of a juvenile shall be imprisoned, with or without hard labor, for not more than ten years, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.

     La. R.S. 14:80.1 provides for misdemeanor carnal knowledge of a juvenile:

A. Misdemeanor carnal knowledge of a juvenile is committed when a person who is seventeen years of age or older but less than nineteen years of age has sexual intercourse, with consent, with a person who is fifteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender, and when the difference between the age of the victim and age of the offender is greater than two years.

The application was denied on March 27, 2006.  Petitioner sought writs at the Louisiana Supreme Court.  The application was denied on September 29, 2006 under Docket No. 06 KH 1411.

In a separate action, on December 5, 2005, Petitioner filed a "Motion for the Records to Speak the Truth" in the state district court.  The district court denied the motion on December 19, 2005.  On February 16, 2006, Petitioner applied for writs at the Louisiana First Circuit Court of Appeal.  The state appellate court denied Petitioner's application on May 1, 2006 under Docket No. 2006 KW 0265.  Petitioner sought writs at the Louisiana Supreme Court under Docket No. 06 KH 2435.  The writ application is pending as of the date of the filing of this response.

## CUSTODY

The "in custody" language of the habeas corpus statute requires that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed.  28 U.S.C. § 2241 (c)(3).  Petitioner is no longer serving the sentence for his 1991 carnal knowledge of a juvenile conviction.  He is, therefore, not in custody for purposes of 28 U.S.C. § 2254.

## STATUTE OF LIMITATIONS

Under Title 28, United States Code, Section 2244(d)(1)(a), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is generally required to bring habeas corpus claims filed under Title 28, United States Code, Section 2254, within one year of the date his conviction became final.  Because petitioner's conviction became final before the enactment of AEDPA, the one-year limitations period applicable to habeas petitions runs from AEDPA's enactment date of April 24, 1996.  Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).  Thus, petitioner's habeas application must be submitted within one year from the April 24, 1996, provided however, that the one year time limitation must be tolled during the time that a properly filed petition for post-

4

conviction relief or collateral review is pending in the state courts.  28 U.S.C. §2244(d)(2); <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998).

In the present case, petitioner's conviction became final on September 4, 1991**,** the day he pled guilty.  By pleading guilty petitioner waived his right to appeal under state law.  See, <u>State v. Crosby</u>, 338 So.2d 584 (La. 1976).  Petitioner had one year (or 365 days) from September 4, 1991(or until September 4, 1992) in which to file a habeas petition or a properly filed state application for post-conviction relief.  No motions or applications for relief were properly filed within the one year time period which would justify a tolling of the time limitation.

Petitioner signed his application for federal habeas corpus relief on February 7, 2007.  Petitioner's application is untimely.  He is not entitled to federal habeas corpus relief.

## <u>CONCLUSION</u>

Considering the foregoing analysis of facts and law, Respondent submits Petitioner's application for federal habeas corpus relief should be denied with prejudice because he is not "in custody" for purposes of 28 U.S.C. § 2254 and  because his petition was not filed timely.

Respectfully Submitted,

<u>/s/ Lawrence Blake Jones</u>
Lawrence Blake Jones (#7495)
Scheuermann & Jones
909 Poydras St., Suite 2556
New Orleans, Louisiana  70112
(504) 525-4361
Counsel for Respondent

5

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this Response to Habeas Corpus Petition has been served upon petitioner by placing a copy of same in the United States mail, postage prepaid, this <u>20th</u> day of June, 2007, addressed to:

Harold Joseph Augustin, #154057
Avoyelles Correctional Center
Hope A-1
1630 Prison Road
Cottonport, LA  71327

<u>/s/ Lawrence Blake Jones</u>

6